UNITED STATES DISTRICT COURT
DISTRICT OF NEW HAMPSHIRE

---

DAVID MORRISSETTE, both Individually and as parent and next friend of R.M., a minor,

        Plaintiff,

-against-

UNITED STATES OF AMERICA, by and through its officers, agents and/or employees; JEANNE M. CHAREST, A.R.N.P., individually and as an officer, agent and/or employee of COOS COUNTY FAMILY HEALTH SERVICES; and COOS COUNTY FAMILY HEALTH SERVICES, by and through its officers, agents and/or employees,

        Defendants.

**COMPLAINT**

Civil Action No.: 1:16-cv-00055

---

Plaintiff, DAVID MORRISSETTE, both Individually and a/p/n/f of R.M., a minor, by and through his attorney, Rilee & Associates, P.L.L.C., respectfully submits the following Complaint, stating in support thereof as follows:

**PARTIES**

1. The Plaintiff and R.M. are citizens of the state of New Hampshire and, at all relevant times, have resided within Coos County at 6 Pinecrest Avenue, Berlin, New Hampshire, and Plaintiff is the biological father of R.M.

2. Upon information and belief, and at all times relevant to this Complaint, the Defendant, JEANNE M. CHAREST, A.R.N.P. ("Charest"), was and is a nurse practitioner duly licensed to practice in the State of New Hampshire, with a principal place of business located at 133 Pleasant Street, Berlin, New Hampshire, 03570.

1

3. Upon information and belief, and at all times relevant to this Complaint, the Defendant, COOS COUNTY FAMILY HEALTH SERVICES ("CCFHS"), was and is a community health center with a principal place of business located at 133 Pleasant Street, Berlin, New Hampshire, 03570.

4. Upon information and belief, and at all times relevant to this Complaint, the Defendant, UNITED STATES OF AMERICA ("USOA"), was and is the employer of Charest and was and is the owner and/or operator of CCFHS, located at 133 Pleasant Street, Berlin, New Hampshire, 03570.

## JURISDICTION

5. This Court has subject matter jurisdiction pursuant to the Federal Tort Claims Act, 28 U.S.C. §1346(b).

6. The Plaintiff complied with 28 U.S.C. §2675 by timely presenting an administrative claim to the United States Department of Health and Human Services on June 20, 2014.

7. Plaintiff's administrative claim was denied on March 12, 2015.

8. Plaintiff filed a request for reconsideration on July 28, 2015.

9. Plaintiff's request for reconsideration was denied on August 13, 2015.

## FACTUAL ALLEGATIONS COMMON
## TO ALL CLAIMS

10. Upon information and belief, and at all times relevant to this Complaint and specifically from May 5, 1999 through and including June 22, 2012, R.M. was a patient of Charest, thereby creating a healthcare provider-patient relationship.

11. Upon information and belief, and at all times relevant to this Complaint, Charest held herself out to be skilled in the treatment of various illnesses and conditions and, in particular, represented to the Plaintiff that she was knowledgeable, qualified and competent to

2

provide comprehensive pediatric care to R.M.

12. Upon information and belief, and at all times relevant to this Complaint and specifically from May 5, 1999 through and including June 22, 2012, Charest was acting pursuant to and in furtherance of the course of her employment by the CCFHS and/or the USOA.

13. Upon information and belief, and at all times relevant to this Complaint and specifically from May 5, 1999 through and including June 22, 2012, R.M. was a patient of the CCFHS, thereby creating a healthcare provider-patient relationship.

14. Upon information and belief, and at all times relevant to this Complaint, CCFHS held itself out to be skilled in the treatment of various illnesses and conditions and, in particular, represented to the Plaintiff that it was knowledgeable, qualified and competent to provide comprehensive pediatric care to R.M.

15. Upon information and belief, and at all times relevant to this Complaint and specifically from May 5, 1999 through and including June 22, 2012, the USOA employed various medical providers, including physicians, nurses and aides who provided care and treatment to R.M., thereby establishing a healthcare provider-patient relationship.

16. On or about June 22, 2012, R.M. was first diagnosed with thoracic and lumbar scoliosis. Specifically, a 58 degree right thoracic curve centered at T8, and a 45 degree left lumbar curve centered at L2-3.

17. On or about August 2, 2012, the infant Plaintiff underwent posterior spinal fusion of T5 to T12, with Xia titanium pedicle screw and rod instrumentation with Vitoss synthetic bone graft.

## AS AND FOR PLAINTIFF'S FIRST
## CAUSE OF ACTION

18. Plaintiff hereby repeats and realleges the allegations set forth in the previous paragraphs as if set forth in full herein.

19. On or about May 5, 1999 through and including June 22, 2012, the Defendants negligently, carelessly and without regard for R.M.'s health and well-being, treated R.M. in a manner which resulted in severe and permanent bodily injury.

20. Upon information and belief, the severe and permanent bodily injuries suffered by R.M. were a direct and proximate result of the carelessness, negligence, and improper care and treatment of the Defendants in that they: failed to take a full and complete history of R.M.; failed to take a full and complete family history; failed to act upon the history that was given by/about R.M.; failed to appreciate the nature and/or severity of R.M.'s condition; failed to order bracing; failed to adequately and correctly diagnose scoliosis; failed to fully examine and evaluate R.M. during each visit to CCFHS to determine the presence of signs and symptoms of scoliosis; failed to keep abreast of the times and literature with regard to R.M.'s condition; failed to reasonably and properly treat scoliosis; failed to prevent the progression of scoliosis; failed to perform indicated diagnostic studies; failed to heed the results of diagnostic studies ordered; improperly interpreted diagnostic studies; failed to refer R.M. to a specialist; failed to heed the advice of a specialist in consultation; failed to have appropriate medical personnel present for evaluation of R.M.; permanently injured R.M.'s spine; failed to prevent injury to R.M.'s spine; and were otherwise negligent, careless and reckless under the circumstances.

21. Upon information and belief, as a direct and proximate result of the negligence, carelessness and recklessness of the Defendants, R.M. has experienced conscious pain and suffering, has suffered mental anguish and distress, and has lost of enjoyment of life.

22. Upon information and belief, as a direct and proximate result of the negligence, carelessness and recklessness of the Defendants, R.M. will experience conscious pain and suffering, will suffer mental anguish and distress, and will lose enjoyment of life into the future.

23. Upon information and belief, as a direct and proximate result of the negligence,

carelessness and recklessness of the Defendants, R.M. will experience economic injury, including loss of income and/or earning capacity.

## AS AND FOR PLAINTIFF'S SECOND
## CAUSE OF ACTION

24. Plaintiff hereby repeats and realleges the allegations set forth in the previous paragraphs as if set forth in full herein.

25. Upon information and belief, the Defendants failed to obtain the informed consent of the Plaintiff.

26. Upon information and belief, as a direct and proximate result of the acts of omission and/or commission of the Defendants, the Plaintiff did not give his informed consent with respect to the course of care and treatment provided to R.M.

27. Upon information and belief, a reasonably prudent person in the position of the Plaintiff would not have agreed to the treatment provided had he been fully informed, and that the lack of informed consent is a proximate cause of R.M.'s injuries.

28. Upon information and belief, as a direct and proximate result of the negligence, carelessness and recklessness of the Defendants, R.M. has experienced conscious pain and suffering, has suffered mental anguish and distress, and has lost of enjoyment of life.

29. Upon information and belief, as a direct and proximate result of the negligence, carelessness and recklessness of the Defendants, R.M. will experience conscious pain and suffering, will suffer mental anguish and distress, and will lose enjoyment of life.

30. Upon information and belief, as a direct and proximate result of the negligence, carelessness and recklessness of the Defendants, R.M. will experience economic injury, including loss of income and/or earning capacity.

## AS AND FOR PLAINTIFF'S THIRD
## CAUSE OF ACTION

31. Plaintiff hereby repeats and realleges the allegations set forth in the previous paragraphs as if set forth in full herein.

32. The Plaintiff has incurred medical expenses associated with the care and treatment of R.M.

33. Upon information and belief, the Plaintiff will incur future medical expenses for the care and treatment of R.M.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court:

(a) Grant judgment in favor of the Plaintiff;

(b) Award compensatory damages in the amount of $5,000,000.00;

(c) Award the Plaintiff his costs and disbursements of this action; and

(d) Grant such other and further relief as the Court deems equitable and just.

Respectfully Submitted,

**DAVID MORRISSETTE,
INDIVIDUALLY AND A/P/N/F OF
R.M., A MINOR,**

By his Attorneys,

**RILEE & ASSOCIATES, P.L.L.C.**

Date: February 10, 2016

By: /s/ Cyrus F. Rilee, II, Esq.
Cyrus F. Rilee, III, Esq., #15881
264 South River Road
Bedford, NH  03110
t. 603.232.8234
f. 603.628.2241
e. crilee@rileelaw.com